# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

## ABERDEEN DIVISION

**MOSE LEE SUDDUTH, JR.**                                           **PLAINTIFF**

vs.                                                   CAUSE NO.: 1:18-CV-051-SA-DAS

**LOWNDES COUNTY, MISSISSIPPI,**

**ROGER COLEMAN, AND NORTH ATLANTIC**

**SECURITY COMPANY**                                     **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW the Plaintiff, MOSE LEE SUDDUTH, JR., (hereinafter the "Plaintiff"), and files this, his Complaint, and for cause, would respectfully represent and show unto the Court as follows:

## I. INTRODUCTION:

1. This cause of action arises from the wrongful arrest and assault & battery perpetrated against the Plaintiff by the Defendant, ROGER COLEMAN, (hereinafter "the Defendant Coleman"), an employee of the Defendant, NORTH ATLANTIC SECURITY COMPANY, (hereinafter "the Defendant North Atlantic

Security Company"). The Defendant North Atlantic Security Company was contracted by the Defendant, Lowndes County, Mississippi, (hereinafter "the Defendant Lowndes County") to provide security at the Lowndes County, Mississippi Justice Court and other locations. The Plaintiff is a Mississippi licensed attorney. On 13 April, 2017, the Plaintiff entered the Lowndes County, Mississippi Justice Court to conduct some legal business. On that date, Defendant Coleman, unlawfully and while acting under color of law as a security officer at the Lowndes County, Mississippi Justice Court wrongfully arrested the Plaintiff. In the course of the Plaintiff's unlawful arrest, Defendant Coleman assaulted and battered the Plaintiff causing him injury.

2. In addition to the maintenance of this action as set forth hereinafter, the Plaintiff brings this action pursuant to *MCA* Section 11-46-1, *et. seq.,* as notice was provided to the Defendant, Lowndes County, Mississippi on or about 19 May, 2017.

## II. THE PARTIES:

3. The Plaintiff, MOSE LEE SUDDUTH, JR., is an adult resident citizen of Vernon, Lamar County, Alabama.

4. The Defendant, LOWNDES COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi which can be served with the process of this Court by

service on the Chancery Clerk, Lisa Younger Neese, at 515 Second Avenue North, Columbus, Mississippi 39701.

5. The Defendant, NORTH ATLANTIC SECURITY COMPANY, is an Indiana Corporation, with its principal place of business located at 4072 Highway 45 North, Columbus, Mississippi 39705, whose Registered Agent for Service of Process is Jim Bell, 2309 Bluecutt Rd., Suite C, Columbus, Mississippi 39705.

6. The Defendant, ROGER COLEMAN, is an adult resident citizen of Columbus, Lowndes County, Mississippi, and can be served with the process of this Court at his place of employment at NORTH ATLANTIC SECURITY COMPANY located at 4072 Highway 45 North, Columbus, Mississippi 39705.

### III.  JURISDICTION & VENUE:

7. This action is brought pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, and 1988.  Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343 (a)(1),(3), and (4).  Additionally, inasmuch as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, this action is further brought pursuant to 28 U.S.C. Sections 1332.  Additionally, the Court has pendent jurisdiction of the Plaintiff's state law claim.

8. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (a) and (b) inasmuch as the defendants and the cause of action arose in this division of the Northern District of Mississippi.

IV. <u>SALIENT FACTS</u>:

9. On 13 April, 2017, the Plaintiff, a sixty-five (65) years old licensed Mississippi lawyer who has practiced law in Columbus, Mississippi for approximately forty (40) years, entered the Lowndes County, Mississippi Justice Court to conduct legal business. Attorneys, officers of the Court, are not required to pass through metal detectors when entering state courts in Lowndes County, Mississippi. After entering the Lowndes County, Mississippi Justice Court building, the Plaintiff proceeded to the Justice Court Clerk's window to conduct his legal business by filing papers with said clerk. The Plaintiff was confronted by Defendant ROGER COLEMAN, a security officer employed by Defendant NORTH ATLANTIC SECURITY COMPANY, and ordered to leave the Justice Court Clerk's window and to go through the metal detector. The Plaintiff explained to Defendant ROGER COLEMAN that he, the Plaintiff, as an attorney, was not required to pass through the metal detector. Defendant ROGER COLEMAN ignored the Plaintiff's explanation, and again ordered the Plaintiff to go through the metal detector. The Plaintiff asked a clerk to explain to Defendant ROGER COLEMAN that the Plaintiff was an attorney and was not required to pass through the metal detector.

The clerk explained that proposition to Defendant ROGER COLEMAN. However, Defendant ROGER COLEMAN ignored the clerk's explanation. Then, Defendant ROGER COLEMAN ordered the Plaintiff to leave the building and told the Plaintiff that he could not file his papers with the Court until the following Monday. The Plaintiff refused to leave the Lowndes County, Mississippi Justice Court and he attempted to file his court papers with the Court clerk. Defendant ROGER COLEMAN then grabbed the Plaintiff and threw him to the ground. Then, Defendant ROGER COLEMAN drug the Plaintiff out of the building by his arms. The Defendant, ROGER COLEMAN, exerted excessive force when he unlawfully extracted the Plaintiff from the Lowndes County, Mississippi Justice Court.

10. As a result of the assault and battery occasioned on the Plaintiff by Defendant ROGER COLEMAN, the Plaintiff suffered severe personal injury which required surgery. Additionally, the Plaintiff's Rolex watch was damaged.

11. The Defendant, LOWNDES COUNTY, MISSISSIPPI employed the Defendant, NORTH ATLANTIC SECURITY COMPANY, to provide security at various facilities owned or operated by Lowndes County, Mississippi. Defendant, LOWNDES COUNTY, MISSISSIPPI did not require that Defendant NORTH ATLANTIC SECURITY COMPANY provide trained or certified law enforcement officers to serve as security officers. The Defendant, NORTH ATLANTIC

SECURITY COMPANY, employed the Defendant, ROGER COLEMAN, as a security officer at the Lowndes County, Mississippi Justice Court.

12. In fact, the Defendant, ROGER COLEMAN, was not a certified, trained law enforcement officer when he arrested and assaulted and battered the Plaintiff. Moreover, the Defendant, ROGER COLEMAN, was not educated by the Defendants, LOWNDES COUNTY, MISSISSIPPI and NORTH ATLANTIC SECURITY COMPANY, as to the local custom, practice and policy of exempting attorneys from the requirement that they must pass through metal detectors at the Lowndes County, Mississippi courts.

13. The Defendant, NORTH ATLANTIC SECURITY COMPANY, and the Defendant, ROGER COLEMAN, by virtue of serving as the security force and security officer respectively for the Lowndes County, Mississippi Justice Court acted under color of state law.

14. The Defendant, LOWNDES COUNTY, MISSISSIPPI vacated its role of providing a law enforcement presence in the Lowndes County, Mississippi Justice Court and employed the Defendant, NORTH ATLANTIC SECURITY COMPANY, "to stand in its shoes" and discharge the responsibilities and duties of the Defendant, LOWNDES COUNTY, MISSISSIPPI.

15. The Defendant, LOWNDES COUNTY, MISSISSIPPI, abdicated its function of providing security at the Lowndes County, Mississippi Justice Court, without requiring that its replacement, the Defendant, NORTH ATLANTIC SECURITY COMPANY, adhere to lawful practices and local customs, practices, and policies. Among those local customs, practices, and policies which the Defendant, LOWNDES COUNTY, MISSISSIPPI, failed to either educate or in the alternative require that the Defendant, NORTH ATLANTIC SECURITY COMPANY, adhere to was the practice, custom and policy of exempting attorneys from the requirement that they pass through the metal detector at the Lowndes County, Mississippi Justice Court.

16. Instead of discharging its function of providing competent court security at the Lowndes County, Mississippi Justice Court, the Defendant, LOWNDES COUNTY, MISSISSIPPI, replaced qualified, certified law enforcement officers with unqualified employees of the Defendant, NORTH ATLANTIC SECURITY COMPANY, who were not certified law enforcement officers. The Defendant, LOWNDES COUNTY, MISSISSIPPI, did not oversee or supervise the implementation of the practices of the Defendant, NORTH ATLANTIC SECURITY COMPANY, in providing security for the Lowndes County, Mississippi Justice Court. In turn, the Defendant, NORTH ATLANTIC SECURITY COMPANY, employed and then *empowered* the Defendant, ROGER

COLEMAN, without providing him supervision, adequate training and education, to unlawfully arrest, assault and battery of and use excessive force upon the Plaintiff.

17. Inasmuch as the Defendant, ROGER COLEMAN, operated under color of state law as a court security officer for Lowndes County, Mississippi, his actions in unlawfully arresting, assaulting and battering of and use of excessive force upon the Plaintiff served to violate the Plaintiff's Constitutional rights.

V.  CAUSES OF ACTION:

18. The allegations of the previous paragraphs of this Complaint are hereby re-alleged and incorporated herein as if copied herein.

A.  CONSTITUTIONAL CAUSES OF ACTION AGAINST THE DEFENDANT ROGER COLEMAN:

19. The Defendant, ROGER COLEMAN, while acting under color of law, deprived the Plaintiff of clearly established Constitutional rights guaranteed to him under the United States Constitution giving rise to claims pursuant to 42 U.S.C. Section 1983, including:

a) To be free from unreasonable searches and seizures;

b) To be free from deprivation of life and liberty without due process of law;

c) To be free from summary punishment;

d) To be free from the use of excessive force;

e) To be free from the denial of equal protection of the law;

f) To fail to protect the Decedent from the abridgment of his Constitutional rights; and

g) To be free from arbitrary and punitive governmental action.

B.  CONSTITUTIONAL CAUSES OF ACTION AGAINST LOWNDES COUNTY, MISSISSIPPI:

20.  LOWNDES COUNTY, MISSISSIPPI has a Constitutional duty to properly hire, train, supervise, implement and educate as to policy guidelines, and to employ proper procedures and practices for court security officers who appear to be "clothed" with law enforcement powers in order to insure that no persons are denied rights guaranteed under the United States Constitution.

21.  LOWNDES COUNTY, MISSISSIPPI failed to supervise the implementation of and oversight of the Defendant's, NORTH ATLANTIC SECURITY COMPANY, task of providing court security officers at the court facilities owned or operated by LOWNDES COUNTY, MISSISSIPPI.  This failure on the part of

the Defendant, LOWNDES COUNTY, MISSISSIPPI, enabled the Defendant, NORTH ATLANTIC SECURITY COMPANY, to employ unqualified, untrained and uncertified "*law enforcement*" personnel such as the Defendant, ROGER COLEMAN, to serve as court security officers. By its aforesaid conduct, the Defendant, LOWNDES COUNTY, MISSISSIPPI, permitted, encouraged, tolerated, and knowingly acquiesced in an official pattern, practice, or custom wherein court security officers, including the above named individual Defendant, ROGER COLEMAN, were enabled to and did in fact violate the Constitutional rights of persons, including the Plaintiff.

22. LOWNDES COUNTY, MISSISSIPPI is responsible for the following customs, practices, policies, and patterns, which resulted in the complained of Constitutional violations regarding the actions and/or inactions of the Defendant, NORTH ATLANTIC SECURITY COMPANY, and the Defendant, ROGER COLEMAN:

a) Failure to properly supervise, investigate complaints regarding, and discipline the individual Defendant and others employees of the Defendant, NORTH ATLANTIC SECURITY COMPANY, regarding proper and appropriate police procedures, including, but not limited to Constitutional use of force and arrests; and

b) Failure to require that the Defendant, NORTH ATLANTIC SECURITY COMPANY, implement appropriate practices and procedures to supervise and oversee employees including the Defendant, ROGER COLEMAN, in the field. This systemic lack of oversight and supervision resulted in the conduct of the Defendant, ROGER COLEMAN, which caused the injuries to the Plaintiff and the violation of his Constitutional rights.

23. LOWNDES COUNTY, MISSISSIPPI knew or should have known that all of the above referenced policies (or lack thereof), practices, and customs had the effect of creating an undisciplined, under-supervised, and under-trained court security force, including the individual Defendant, who was "unleashed" on the public, including the Decedent. Therefore, LOWNDES COUNTY, MISSISSIPPI had actual and/or constructive notice that the aforementioned practices of its surrogate, the Defendant. NORTH ATLANTIC SECURITY COMPANY, including the individual Defendant, were foreseeable, dangerous and capable of causing serious bodily harm or injury to the public, including the Plaintiff. Therefore, the actions or lack thereof on the part of LOWNDES COUNTY, MISSISSIPPI evidenced its deliberate indifference and reckless disregard for the health, safety, and welfare of the public, including the Plaintiff.

24. The above referenced policies and practices of LOWNDES COUNTY, MISSISSIPPI violated the Constitutional rights of the Plaintiff, and they were the

proximate cause of the violations of said rights of the Plaintiff which led to his injuries. LOWNDES COUNTY, MISSISSIPPI was callously indifferent and reckless with regard to preventing these abridgments of the Plaintiff's Constitutional rights, and the resulting harm to the Plaintiff was reasonably foreseeable to LOWNDES COUNTY, MISSISSIPPI and, in fact, was the proximate cause of the injuries to the Plaintiff.

C. CONSTITUTIONAL CAUSES OF ACTION AGAINST NORTH ATLANTIC SECURITY COMPANY:

25. The Defendant NORTH ATLANTIC SECURITY COMPANY was at all times relevant herein the employer of the Defendant, ROGER COLEMAN, and as such, was the primary policy maker for and supervisor of the court security officers employed by it, including the previously named individual Defendant, ROGER COLEMAN.

26. The Defendant NORTH ATLANTIC SECURITY COMPANY designed, implemented, and enforced the policies, practices, and procedures for its court security officers.

27. The Defendant NORTH ATLANTIC SECURITY COMPANY permitted and/or created an atmosphere wherein the previously complained of actions or lack thereof on the part of its court security officers, including those of the Defendant,

ROGER COLEMAN, which resulted in that Defendant being empowered to violate the Constitutional rights of the Plaintiff.  This conduct on the part of the Defendant, NORTH ATLANTIC SECURITY COMPANY, included, but was not limited to, the failure to supervise, discipline, and the use of excessive force.

28.  The lack of supervision and control by the Defendant, NORTH ATLANTIC SECURITY COMPANY, including the previously named individual Defendant, was so pervasive, that the Defendant, NORTH ATLANTIC SECURITY COMPANY, was deliberately indifferent to the violation of the Constitutional rights of the public, including those of the Plaintiff.  It was the widespread and deliberate deprivation of Constitutional rights that led to the injuries to the Plaintiff.

29.  The violation of Constitutional rights of the Plaintiff by the Defendant, ROGER COLEMAN, an employee of the Defendant, NORTH ATLANTIC SECURITY COMPANY, which led to the injuries to the Plaintiff were proximately caused by the practices, customs and policies of the Defendant, NORTH ATLANTIC SECURITY COMPANY, and same was reasonably foreseeable to it to lead to harm and injury to the public, and ultimately, to the Plaintiff.

30. Therefore, the Defendant, NORTH ATLANTIC SECURITY COMPANY, proximately caused the violation of the Plaintiff's Constitutional rights culminating in his injuries.

### D.  STATE LAW CLAIMS:

31. Plaintiff gave notice of claims under State law for the his injuries to the Defendants pursuant to *MCA* Section 11-46-11 by letter dated 19 May, 2017.

32. The acts and omissions set forth previously herein, which are incorporated herein and are re-alleged by reference, and constitute assault, battery, wrongful arrest, false imprisonment, outrageous conduct, negligence, gross negligence, and/or recklessness under the laws of the State of Mississippi as to all of the Defendants herein.

### VI.  DAMAGES:

43. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, the Plaintiff's Constitutional rights were violated.  Additionally, the Defendants committed State law torts against the Plaintiff as set forth above. These actions and omissions resulted in Plaintiff's personal injuries and property

damage. The Plaintiff has incurred substantial medical expenses. Due to the Plaintiff's injuries he had to endure surgery. The Plaintiff has suffered loss of income due to his injuries. The Defendants are jointly and severally liable for any and all actual damages, and because of the outrageous conduct of the Defendants, punitive damages which the Plaintiff may be entitled to under the premises for all State law claims and Constitutional claims arising from the wrongful arrest and assault and battery perpetrated upon him.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays for the following relief:

a) That this, his Complaint, be received and filed;

b) That the process of this Court issue as to the Defendants herein, compelling them to answer and otherwise defend this Complaint;

c) That this matter be tried by a jury;

d) That the Plaintiff be granted a judgment and recover actual damages and punitive damages of and from the Defendants, jointly and severally, in such amount or amounts to be determined by a jury;

e) That the Plaintiff be awarded attorneys' fees and costs of and from the Defendants, jointly and severally; and

f) For such other, further relief, both general and specific, as the Plaintiff may be entitled to under the premises.

Respectfully submitted,

MOSE LEE SUDDUTH, JR.,
PLAINTIFF

By_____/S/ Jeffery M. Navarro_____

JEFFERY M. NAVARRO,
ATTORNEY FOR THE PLAINTIFF
P.O. BOX 162
AMORY, MS 38821
662-256-3706 OP
662-315-7797 CP
MBN: 3755
jeffnavarro53@att.net