IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MOSE LEE SUDDUTH, JR.**                                            **PLAINTIFF**

**VS.**                                          **CAUSE NO. 1:18-CV-051-SA-DAS**

**LOWNDES COUNTY, MISSISSIPPI; ROGER COLEMAN; and NORTH ATLANTIC SPECIALTY COMPANY**                                           **DEFENDANTS**

### AUTHORITIES SUPPORTING DISMISSAL OR SUMMARY JUDGMENT AS TO STATE LAW CLAIMS ON IMMUNITY GROUNDS

**NOW COMES** DEFENDANT LOWNDES COUNTY, by Counsel, and respectfully submits these authorities pursuant to Uniform Local Rule 7(b) in support of dismissal of the instant Complaint with prejudice as to claims arising under state law pursuant to Rule 12(b)(6) or, alternatively Rule 56, *Fed. R. Civ. Proc.*

1) Pursuant to *Scott v. Harris,*[1] the incident between Defendant Coleman and Plaintiff Sudduth is depicted on video.[2] [*To be conventionally filed herewith*]. Sudduth rudely burst past Coleman in civilian clothes brushing off the attempt to secure compliance stating *"I'm a lawyer"* as if special status applied to him. When Coleman insisted on doing his job, it was revealed that Sudduth was carrying a weapon. When Sudduth refused to leave without his weapon, Coleman removed him by force.

---

[1] *Scott v. Harris,* 550 U.S. 372, 380 (2007)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment.").

[2] Exhibit A - Videos (in sequential order of entrance/exit area and clerk window area, April 13, 2017).

2) The Complaint **[Doc. 1]** correctly notes that Mr. Coleman is an employee of an independent contractor. *Id*. at ¶1. The Complaint alleges no set of facts which would indicate Mr. Coleman was a known threat, nor will that be evident from his professional attempts to secure compliance from Plaintiff Sudduth. The Complaint alleges intentional torts as to Mr. Coleman. *Id*. at ¶32.

3) **STANDARD:** This Court reviews a Rule 12(c) motion for judgment on the pleadings using the same standards applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. See *Phillips v. City of Dallas,* 781 F.3d 772, 775–76 (5th Cir. 2015) (citing *Gentilello v. Rege,* 627 F.3d 540, 543–44 (5th Cir. 2010)). The complaint therefore, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Edionwe v. Bailey,* 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937).

By adding video, this Movant has also invoked the standard for summary judgment. Thus, this Movant has the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. See *Id*. at 477 U.S. 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the non-movant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id*. at 477 U.S. 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.,* 268

F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. See *Scott v. Harris,* 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L.Ed. 2d 686 (2007) (internal citations omitted). "However, a non-movant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 Fed.Appx. 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany,* 507 F.3d 312, 319 (5th Cir. 2007)).

4) **APPLICATION OF MTCA IMMUNITY:**

**A. INDEPENDENT CONTRACTOR**

Plaintiff Sudduth clearly states at ¶16 "The Defendant, LOWNDES COUNTY, MISSISSIPPI, did not oversee or supervise the implementation of the practices of the Defendant, NORTH ATLANTIC SECURITY COMPANY, in providing security for the Lowndes County, Mississippi Justice Court."

An independent contractor is defined as "a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." *Hill v. City of Horn Lake,* 160 So. 3d 671, 676 (Miss. 2015)(internal citations omitted). In short, the difference between a master-servant relationship and an independent-contractor relationship is that an employer in a master-servant relationship has control of, or the right to control, the employee in the details of the work.

Generally, a principal has no vicarious liability for the torts committed by the independent contractor or its employees in the performance of the contract. *Hodges v. Attala Cty.,* 42 So. 3d 624

3

(Miss. Ct. App. 2010). Not only does this rule apply to governmental entities, the matter of the business relationship itself is also subject to discretionary immunity under *Miss. Code Ann.* §11-46-9(1)(d). *Id.*, Page 628 (Holding in the alternative that *"Even if Attala County had a duty to 'insure' the maintenance of the warning signs at the construction site, how it chose to fulfill that duty would be discretionary, and the County would be immune from liability."*). In short, Lowndes County is immune from the instant claim.

### B. INTENTIONAL TORTS

Even if the status of Mr. Coleman as an employee of an independent contract were not fatal to this claim, the nature of this claim as an intentional tort would be. See *Howard v. Wilson,* 62 So. 3d 955, 957 (Miss. 2011)("If the other adjectives describing the attack are removed, the following sentence remains: Jocelyn Howard negligently attacked Lyshell Wilson with a pair of scissors. There is no such thing as a negligent assault.").

As a general rule, an employer is vicariously liable for intentional torts committed by an employee provided that the torts were committed in the course and scope of employment. *McClinton v. Delta Pride Catfish, Inc.,* 792 So.2d 968, 976 (Miss.2001). **The MTCA is distinctly different.** The actions here clearly fall outside the scope of the limited waiver of *Miss. Code Ann.* §§11-46-5 and 11-46-7, rendering Lowndes County immune as a matter of law.

As a practical matter, an employee acting within the course and scope of employment is individually immune.[3] Conversely, Plaintiff Sudduth does not get to sue the County claiming

---

[3] See *Duncan v. Chamblee,* 757 So.2d 946, 949–50 (¶¶ 14–18) (Miss.1999) (holding that the trial court properly dismissed the plaintiff's gross negligence claim against a government employee, who was acting within the course and scope of her employment and immune from personal liability).

"reckless disregard" to the extent its officer (Coleman is not an employee) actually was engaged in an intentional tort.[4]

*Miss. Code Ann. §11-46-5* provides in part that:

(2) For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.

(3) For the purposes of this chapter and not otherwise, it shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment.

*Miss. Code Ann. §11-46-7* provides in part that:

For the purposes of this chapter, an employee shall not be considered as acting in the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

### C. NATURE OF THE PLEADINGS

Language in a complaint alleging negligence is of "no moment" because the complaint 'stated a claim generically akin to common law assault and battery.' *City of Mound Bayou v. Johnson,* 562 So.2d 1212, 1215 (Miss.1990). Where a plaintiff clearly asserts damages based on an intentional battery, he forfeits any claim for negligence. See *Maas v. City of Ocean Springs, Miss.,* 2012 WL

---

[4]See *Maas v. City of Ocean Springs, Miss.,* 2012 WL 2603620, at *3 (S.D. Miss. July 5, 2012)(holding that the plaintiff's negligence claim was not cognizable under Mississippi law since it was based on alleged intentional torts stemming from his arrest); *Howard v. Wilson,* 62 So.3d 955, 957 (¶ 9) (Miss.2011) (providing that neither "a negligent assault" nor "a 'negligent battery' " is legally cognizable);   See *Carter v. Reddix,* 115 So.3d 851, 858–59 (¶¶ 16–18) (Miss. Ct. App.2012) (finding that the trial court properly construed the plaintiff's claim for reckless infliction of emotional distress as one for intentional infliction of emotional distress).

2603620, at *3 (S.D. Miss. July 5, 2012) (holding that the plaintiff's negligence claim was not cognizable under Mississippi law since it was based on alleged intentional torts stemming from his arrest); see also *Howard,* 62 So.3d at 957 (providing that neither a "negligent assault" nor a "negligent battery" is legally cognizable); *Meaux v. Mississippi,* 2015 WL 3549579, at *5 (S.D. Miss. June 8, 2015) (finding that the plaintiff did not state a negligence claim to the extent he alleged that the defendant, a police officer, acted intentionally or with malice).

### D. NATURE OF THE CONDUCT

Multiple cases articulate conduct which either equates to the prohibited conduct set forth in *Miss. Code Ann.* §11-46-5 (2), or does not. The video is before the Court - it is what it is.[5]

In the case of *Zeigler v. University of Mississippi Medical Center,* 877 F. Supp. 2d 454 (S.D. Miss. 2012) two plaintiffs alleged that employees of the Medical Center made false statements maliciously during a hearing on unemployment benefits. The case was heard on summary judgment in the Southern District of Mississippi. There, the court held that the employees' defamation claim against employer state University Medical Center, did not fall within waiver of sovereign immunity, under Mississippi Tort Claims Act (MTCA), waiving sovereign immunity only for torts of employees committed in the course and scope of their employment with a governmental entity, since co-workers' allegedly defamatory statements were not within the course and scope of their employment. A helpful contrast is found in the Mississippi Supreme Court Case of City of *Jackson*

---

[5]*Howard v. Wilson,* 62 So. 3d 955, 957 (Miss. 2011)("Wilson attempts to characterize her suit as one not for an intentional tort, but rather for negligence. This alleged act of negligence is described by Wilson in the complaint as follows, 'Jocelyn Howard, maliciously, reckless[ly], negligently, and violently attacked Lyshell Wilson with a pair of scissors. Jocelyn Howard repeatedly stabbed Lyshell Wilson ... causing serious bodily injuries during the heinous attack.'").

*v. Harris,* 44 So.3d 927, 930 (Miss. 2010), where an officer ran a red light at approximately 87 miles per hour causing a death and in turn plead guilty to culpable negligence manslaughter. In spite of the conviction, the Mississippi Supreme Court held that the officer was in fact within the course and scope of employment within the meaning of §11-46-5. The testimony of the officer is helpful:

> Jeffrey Middleton testified that in June 2005, he was working the 2 p.m.-to-10 p.m. shift. On the night of the accident, he had responded to a traffic incident involving a drunk driver. He had transported the impaired driver to the Hinds County Correctional Facility and had left the facility a few minutes after 10 p.m. to head to the hospital, where the other driver was being treated.
>
> Middleton testified that it was a cool, clear night and that traffic was extremely light on Highway 18. Middleton stated that he only remembers seeing a red car turning in front of him and a traffic signal showing a green light. Middleton testified that he suffered a head injury in the accident and as a result, could not remember any other details of that night. He also stated that he was on overtime at the time of accident. Middleton testified he was terminated from his job because of the accident, and that he had pleaded guilty to culpable-negligence manslaughter for Harris's death.

Justice Lamar wrote for the court explaining that while §11-46-7(2) provides immunity for "criminal offenses," Section 11-46-5(2) specifically excludes "traffic offenses" from this immunity. In short, the plain language of the two statues we quoted above must be read together in harmony.

The case of *Howard v. Wilson,* 62 So. 3d 955, 957 (Miss. 2011) makes it clear that the nature of the acts, not the spin afforded by mere pleadings, is what controls here. In this case, the plaintiff attempted to make an attack with a pair of scissors into something other than an intentional tort. The court noted that "Wilson attempts to characterize her suit as one not for an intentional tort, but rather for negligence. This alleged act of negligence is described by Wilson in the complaint as follows, 'Jocelyn Howard, maliciously, reckless [ly], negligently, and violently attacked Lyshell Wilson with a pair of scissors. Jocelyn Howard repeatedly stabbed Lyshell Wilson ... causing serious bodily

7

injuries during the heinous attack.'" *Id*.

Clearly, Mississippi law provides that a government employee's actions do not result in the government being held liable for an intentional tort.

### E. NOT IN FURTHERANCE OF COUNTY BUSINESS

These cases summarized conduct which equates to defeating the rebuttable presumption set forth in *Miss. Code Ann.* §11-46-5 (3). This point is succinctly stated in a Southern District of Mississippi opinion:

> Mississippi law provides that an activity must be in furtherance of the employer's business to be within the scope and course of employment. *Estate of Brown By and Through Brown v. Pearl River Valley Opportunity, Inc.,* 627 So.2d 308 (Miss.1993). Whether an activity is within the scope and course of employment turns upon whether the activity carries out the employer's purposes or advances his interest directly or indirectly. *Estate of Brown,* 627 So.2d at 311. Thus, "if a servant steps aside from the master's business for some purpose of his own disconnected with his employment, the relation of master and servant is temporarily suspended and this is so 'no matter how short the time and the master is not liable for his acts during such time.'" *Id*. at 311. An employee's personal unsanctioned recreational endeavors are beyond the course and scope of his employment. See also *Cook Constr. Co., Inc. v. Smith,* 397 So.2d 536 (Miss.1981). *L.T. ex rel. Hollins v. City of Jackson,* 145 F. Supp.2d 750, (S.D. Miss. 2000) *affirmed* 245 F.3d 790.

Following *Hollins,* the Mississippi Supreme Court addressed the same issue in *Cockrell v. Pearl River Valley Water Supply Dist.,* 865 So. 2d 357, 362 (Miss. 2004) where a police officer allowed a young female subject to ride in the front seat of his patrol car without wearing handcuffs while en route to jail. He then pulled over in a church parking lot where he embraced her and began stroking her back and hair telling her that things would be fine. A second more forceful incident occurred two days later when the young female came to the police station to retrieve her drivers license. In an effort to avoid dismissal of the governmental entity employer, the plaintiff in *Cockrell*

8

argued that there was a genuine issue of disputed fact because the conduct was analogous to consoling a victim of a crime and was not criminal conduct. The Mississippi Supreme Court disagreed finding that "when Officer James diverted from his employment for personal reasons, he was no longer acting in the furtherance of his employer's interests".[6] The holding of the court made it clear that it was not necessary to reach the more difficult question of whether a kiss or forced embrace constituted assault.[7]

Clearly, Mississippi law provides that government employee's activity, resulting in tort liability for employer, must be in furtherance of the employer's business to satisfy requirement that it be within the scope and course of employment. This reached the point of being personal.

**NOW, THEREFORE,** this Defendant respectfully moves this Court to dismiss the instant Complaint with prejudice as to claims arising under state law pursuant to Rules 12(b)(6) & 56, *Fed. R. Civ. Proc.*

**RESPECTFULLY SUBMITTED** this the 27th day of April, 2018.

                    **JACKS | GRIFFITH | LUCIANO, P.A.**

            By: /s/ ***Daniel J. Griffith***
                Daniel J. Griffith, MS Bar No. 8366
                Attorney for Defendant Lowndes County

Of Counsel:

**JACKS |GRIFFITH| LUCIANO, P.A.**

---

[6] *Id*. at Page 362.

[7] See *Id* at 362-363 ("Because we find that Officer James was not acting within the course and scope of his employment with the result that the District is not liable under the MTCA, we need not address whether Officer James's conduct constituted a criminal offense.").

150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

    I, Daniel J. Griffith, attorney of record for Defendant Lowndes County, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *AUTHORITIES SUPPORTING DISMISSAL OF STATE LAW CLAIMS ON IMMUNITY GROUNDS* to be delivered by the ECF Filing System which gave notice to the following:

> Jeffery M. Navarro
> Attorney at Law
> P. O. Box 162
> Amory, MS 38821
> Phone: 662-256-3706
> Phone: 662-315-7797
> Fax: 662-749-7001
> jeffnavarro53@att.net
> **Attorney for Plaintiff**

    **DATED** this 27th day of April, 2018.

                                                    /s/ ***Daniel J. Griffith***
                                                    Daniel J. Griffith