IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MOSE LEE SUDDUTH, JR.**                                            **PLAINTIFF**

**VS.**                                           **CAUSE NO. 1:18-CV-051-SA-DAS**

**LOWNDES COUNTY, MISSISSIPPI; ROGER
COLEMAN; and NORTH ATLANTIC SPECIALTY
COMPANY**                                                    **DEFENDANTS**

### AUTHORITIES SUPPORTING DISMISSAL OF FEDERAL CLAIMS AND/OR JUDGMENT ON THE PLEADINGS

**NOW COMES DEFENDANT LOWNDES COUNTY,** by Counsel, and respectfully submits these authorities pursuant to *Uniform Local Rule 7(b)* in support of dismissal of the federal claims instant Complaint pursuant to Rule 12(b)(6) or (c), *Fed. R. Civ. Proc.*

**1) PREMISE:** This law suit arises from an incident between Defendant Coleman and Plaintiff Sudduth which is depicted on video. Sudduth rudely burst past Coleman in civilian clothes brushing off the attempt to secure compliance stating *"I'm a lawyer"* as if special status applied to him. When Coleman, a private security officer, insisted on doing his job, it was revealed that Sudduth was carrying a knife. When Sudduth refused to leave without his knife, Coleman removed him by force. It is clear from the face of the Plaintiff's Complaint that Federal Claims are constitutionally deficient.

First, Plaintiff Sudduth's Complaint **[Doc. 1]** at ¶20 alleges a constitutional duty that does not exist:

> 20. LOWNDES COUNTY, MISSISSIPPI has a Constitutional duty to properly hire,
> 
> rain, supervise, implement and educate as to policy guidelines, and to employ proper

1

procedures and practices for court security officers who appear to be "clothed" with law enforcement powers in order to insure that no persons are denied rights guaranteed under the United States Constitution.

Second, alleging not one single prior incident of this nature and citing no negative history from Defendant Coleman, Plaintiff Sudduth's Complaint has not alleged sufficient facts as required by the Fifth Circuit for official capacity liability. This is nothing more than an attempt to argue *respondeat superior* in a §1983 joint state action claim for the private acts of an independent contractor.

**2) STANDARD:** The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendant's Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan,* 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 553-56 (2007)). The Complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009).

**3) NO SUCH CONSTITUTIONAL DUTY:** Keeping in mind that Plaintiff Sudduth

alleges at ¶16 "The Defendant, LOWNDES COUNTY, MISSISSIPPI, did not oversee or supervise the implementation of the practices of the Defendant, NORTH ATLANTIC SECURITY COMPANY, in providing security for the Lowndes County, Mississippi Justice Court" - there is no such thing as a constitutional duty to insure that employees of your independent contractor do not deny unspecified rights under the Constitution. Mississippi Law imposes no such duty.[1] The Federal Tort Claims Act imposes no such duty.[2] Moreover, Lowndes County may not be held liable under *42 U.S.C. § 1983* on what amounts to a theory of *respondeat superior*. *Valle v. City of Houston,* 613 F.3d 536, 541 (5th Cir. 2010).

*42 U.S.C. § 1983* imposes liability upon any person who, acting under color of state law, deprives another of federally protected rights. Section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). A plaintiff cannot succeed on a § 1983 claim merely by showing any deprivation of his rights; § 1983 was intended to preserve rights protected by federal law. *Wright v. Collins*, 766 F.2d 841, 849 (5th Cir.1985).

By analogy, please consider the 10th Circuit case of *Gallagher v. Neil Young Freedom Concert,* 49 F.3d 1442, 1445 (10th Cir. 1995) where pat-down searches by private security officers before a concert at a public university auditorium did not satisfy joint action test for state action under § 1983, because there was ***no evidence that university officials jointly participated*** in

---

[1] *Hodges v. Attala Cty.,* 42 So. 3d 624 (Miss. Ct. App. 2010).

[2] *Lathers v. Penguin Indus., Inc.,* 687 F.2d 69 (5th Cir. 1982)(By virtue of Federal Tort Claims Act the United States is not liable for the imputed negligence of an independent contractor and the government is liable only for active negligence of its employees.).

pat-down searches. The opinion uses characterizations from the SCOTUS of "one of the more slippery and troublesome areas of civil rights litigation" and 'frequently admits of no easy answer." *Id*.

    Summarized, the salient concepts articulated by *Gallagher* are:

    \*    the existence of governmental regulations, standing alone, does not provide the required nexus;

    \*    the fact that a private entity contracts with the government or receives governmental funds or other kinds of governmental assistance does not automatically transform the conduct of that entity into state action; and,

    \*    even approval or acquiescence in the initiatives of a private party is not sufficient to make the sate jointly responsible.

Consistent with these concepts, *Gallagher* did not rise to the level of an actionable §1983 claim because there was an insufficient nexus between the University and the pat-down searches at the Huntsman Center by private contractors - i.e. - **No joint state & private action**. *Id*., Page 1451.[3]

    Consider this analogy - the Neil Young fans in *Gallagher* were certainly subject to limitations on their privacy as they would be in any completely private forum without the U.S. Constitution being implicated - *and similarly* - individuals coming into and out of any private facility are subject to everything from metal detectors and security tags to being stopped to show a receipt - also without the U.S. Constitution being implicated. **No joint state & private action.**

---

[3]Example: *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001)(Rights under the Due Process Clause of the 14th Amendment were implicated where a private athletic association regulated participation in athletics within a pool of members where 84% are public schools.).

*Gallagher* notes that the Fifth Circuit held similarly that a city could not be vicariously liable for alleged actions of its police officers during course of repossession of plaintiffs' automobile by creditor's agents as there was no governmental custody, plan or scheme to provide official assistance or aid in repossession of automobile by private parties pursuant to their private contractual arrangements. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507 (5th Cir. 1980). Ultimately, the nexus requirement of *Gallagher* is the test applied in the 5th Circuit. *See Morris v. Dillard Dep't Stores, Inc.,* 277 F.3d 743, 748 (5th Cir. 2001)("This court has developed a consistent doctrine applying a nexus-type test to determine when a private enterprise such as Dillard's may be subject to constitutional liability.").[4]

The enforcement role played by the governmental entity that a plaintiff attempts to tie into a joint state action theory is clearly significant. In *Lansing v. City of Memphis,* 202 F.3d 821, 833 (6th Cir.2000), a private entity running a fair on the streets of Memphis with both public funding and an obvious economic benefit to the city still did not qualify as a "state actor". Yet, in *Parks v. City of Columbus,* 395 F.3d 643, 652–53 (6th Cir.2005), the 6th Circuit reached a different result **because local officials helped enforce** the restrictions made by the private association.

Considering these examples and the *Gallagher* standards, the 5th Circuit decided *Rundus v. City of Dallas, Tex.*, 634 F.3d 309 (5th Cir. 2011), where the plaintiff contended that a private non-profit was a state actor, and that it therefore must meet constitutional standards when it restricted speech. The private corporation ran the state fair on a parcel of land which it rented from city, and **had primary control** of the site during state fair season. Yet, it did not qualify as "state actor".

---

[4]See *Blankenship v. Buenger,* 653 F. App'x 330 (5th Cir. 2016)(Neither private defendants' misuse of a valid state statute nor police reliance in making arrest on information given by private party renders a private party a state actor under "joint activity" theory.).

The distinction recognized in *Rundus* was the level of state participation in enforcement of the challenged restrictions. The plaintiff in *Rundus* emphasized that the Dallas police provided security at the event. However, the fact that they enforce only criminal statutes and ordinances that provide **"neutral assistance"** was determinative.

This is just a metal detector at the entrance to a public facility. The role of Lowndes County in hiring out private security to man a metal detector is completely distinct from an actual member of county law enforcement standing there helping drag Sudduth outside when his attitude overcame Coleman's patience.[5]

Plaintiff Sudduth proposes a federal action founded upon the County not making sure employees of the private security would know that persons claiming to be lawyers get a pass. There is no such thing! Defendant **Lowndes County clearly did not participate** in the altercation between Sudduth and Coleman. The interaction between Sudduth and Coleman did not escalate due to some pre-conceived directive of the County.[6] Sudduth has thus failed to identify a constitutional duty applicable to the County here. Coleman is nothing more than a private actor. In short, the Sudduth Complaint is fatally deficient as a federal claim.

---

[5] Contrast with *Bays v. City of Fairborn,* 668 F.3d 814, 820 (6th Cir. 2012) (Holding that state action existed where city officials supported and actively enforced a private entity's policies); and, *Stockstill v. City of Picayune,* No. 1:16CV4-LG-RHW, 2017 WL 3037431, at *4 (S.D. Miss. July 18, 2017)(Off duty police officers acted under color or law - state action - where a Picayune police officer who was purporting to exercise official authority told Stockstill to leave and threatened to arrest him for trespassing, because Main Street, the permit holder for the event, did not want Stockstill to pass out tracts at the festival. Other police officers, one of whom was on-duty, also made similar statements and threats.).

[6] Contrast with *Smith v. Brookshire Bros.,* 594 F.2d 140 (5th Cir. 1979) (finding state action where private merchant detained shoplifter pursuant to preconceived plan between the city and merchant).

**4) NO OFFICIAL CAPACITY CLAIM:** In *Valle v. City of Houston*, the Fifth Circuit held that a plaintiff must show that "(1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a 'moving force' in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy." 613 F.3d 536, 544 (5th Cir.2010). To meet these standards, the plaintiff "must allege with specificity how a particular training program is defective," and "the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Roberts v. City of Shreveport,* 397 F.3d 287, 293 (5th Cir.2005). In this case, Plaintiff Sudduth simply has not alleged sufficient facts as required by the Fifth Circuit.

**NOW, THEREFORE,** this Defendant respectfully moves this Court to dismiss the instant Complaint with prejudice pursuant to Rule 12(b)(6) & (c), *Fed. R. Civ. Proc.*

**RESPECTFULLY SUBMITTED** this the 30th day of April, 2018.

                                            **JACKS | GRIFFITH | LUCIANO, P.A.**

                            By:    /s/ ***Daniel J. Griffith***
                                        Daniel J. Griffith, MS Bar No. 8366
                                        Attorney for Defendant Lowndes County

Of Counsel:

**JACKS |GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: dgriffith@jlpalaw.com

**CERTIFICATE OF SERVICE**

  I, Daniel J. Griffith, attorney of record for Defendant Lowndes County, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *AUTHORITIES SUPPORTING MOTION TO DISMISS FEDERAL CLAIMS AND-OR GRANT JUDGMENT ON THE PLEADINGS FOR LACK OF AN ACTIONABLE LEGAL DUTY* to be delivered by the ECF Filing System and U.S. Mail which gave notice to the following:

    Jeffery M. Navarro
    Attorney at Law
    P. O. Box 162
    Amory, MS 38821
    Phone: 662-256-3706
    Phone: 662-315-7797
    Fax: 662-749-7001
    jeffnavarro53@att.net
    **Attorney for Plaintiff**


  **DATED** this 30th day of April, 2018.


               /s/ ***Daniel J. Griffith***
               Daniel J. Griffith