# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

## ABERDEEN DIVISION

**MOSE LEE SUDDUTH, JR.**                                           **PLAINTIFF**

**vs.**                          **CAUSE NO.:1:18-CV-051-SA-DAS**

**LOWNDES COUNTY, MISSISSIPPI,**

**ROGER COLEMAN, AND NORTH ATLANTIC**

**SECURITY COMPANY**                                **DEFENDANTS**

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO FEDERAL LAW CLAIMS ON IMMUNITY GROUNDS

COMES NOW the Plaintiff, MOSE LEE SUDDUTH, JR., (hereinafter the "Plaintiff"), and files this, his MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR JUDGMENT ON THE PLEADINGS AS TO FEDERAL LAW CLAIMS, and in support of same, would respectfully represent and show unto the Court as follows:

## FACTS:

1. The Plaintiff disputes the Defendant's version of the facts. The incident between the Plaintiff and the Defendant, Roger Coleman, (hereinafter "Coleman") is depicted in the video which the Defendant has provided to the Court as Exhibit "A" to its Motion.

2. Attached hereto as Exhibit "A" and incorporated herein by reference is the Affidavit of the Plaintiff, date 24 May, 2018. Addressing the Defendant's facts specifically, the Plaintiff is a lawyer, and all of his clothing is "civilian". The Plaintiff did not rudely burst past Coleman. Instead, he walked through the entrance to the courthouse, and exchanged pleasantries with Coleman. The Plaintiff, as an officer of the Court, is exempt from passing through the Court's metal detector. The Plaintiff informed Coleman that he was a lawyer. Although not solicited by Coleman, the Plaintiff voluntarily turned over his pocket knife the Coleman. The court clerk informed Coleman that the Plaintiff was a lawyer. Inexplicably, Coleman attempted to prevent the Plaintiff from filing a motion with the Court. Inexplicably, Coleman refused to return the Plaintiff's pocket knife to him. Inexplicably, Coleman ordered the Plaintiff from the Lowndes County Justice Courthouse. Inexplicably, Coleman tackled and dragged the Plaintiff from the courthouse for no justifiable reason.

3. It appears from the video furnished by the Defendant, Exhibit "A" to its Motion and Memorandum that Coleman is wearing a gun. Inasmuch as the Plaintiff did not have access to the video which was in the possession of the Defendant, the Plaintiff was previously unaware that Coleman was wearing a gun.

4. The following facts as alleged by the Plaintiff in his Complaint, and any inferences drawn from the video furnished by the Defendant, are not disputed by the Defendant:

a) That the Defendant, not the Lowndes County Sheriff, employed the Defendant, NORTH ATLANTIC SECURITY COMPANY, to provide security at the Lowndes County Justice Courthouse. Section I, Paragraph 1 of the Complaint;

b) That the Defendant did not require that the Defendant, NORTH ATLANTIC SECURITY COMPANY, abide by any guidelines in terms of its hiring of security guards or training of said security guards. Section V, Paragraphs 22 and 23;

c) That Coleman was not a trained, duly sworn, and duly constituted peace officer on 13 April, 2017. Section IV, Paragraph 12 of the Complaint;

d) Defendant, LOWNDES COUNTY, MISSISSIPPI did not require that Defendant NORTH ATLANTIC SECURITY COMPANY provide trained or certified law enforcement officers to serve as security officers. Section IV, Paragraph 11 of the Complaint;

e) The Defendant, ROGER COLEMAN, was not educated by the Defendants, LOWNDES COUNTY, MISSISSIPPI and NORTH ATLANTIC SECURITY COMPANY, as to the local custom, practice and policy of exempting attorneys from the requirement that they must pass through metal detectors at the Lowndes County, Mississippi courts.  Section IV, Paragraph 12 of the Complaint;

f)  Instead of discharging its function of providing competent court security at the Lowndes County, Mississippi Justice Court, the Defendant, LOWNDES COUNTY, MISSISSIPPI, replaced qualified, certified law enforcement officers with unqualified employees of the Defendant, NORTH ATLANTIC SECURITY COMPANY, who were not certified law enforcement officers.  Section IV, Paragraph 16 of the Complaint;

g)  The Defendant, LOWNDES COUNTY, MISSISSIPPI, did not oversee or supervise the implementation of the practices of the Defendant, NORTH ATLANTIC SECURITY COMPANY, in providing security for the Lowndes County, Mississippi Justice Court.  In turn, the Defendant, NORTH ATLANTIC SECURITY COMPANY, employed and then *empowered* the Defendant, ROGER COLEMAN, without providing him supervision, adequate training and education, to unlawfully arrest, assault and battery of and use excessive force upon the Plaintiff.  Section IV, Paragraph 16 of the Complaint;

h) LOWNDES COUNTY, MISSISSIPPI failed to supervise the implementation of and oversight of the Defendant's, NORTH ATLANTIC SECURITY COMPANY, task of providing court security officers at the court facilities owned or operated by LOWNDES COUNTY, MISSISSIPPI.  This failure on the part of the Defendant, LOWNDES COUNTY, MISSISSIPPI, enabled the Defendant, NORTH ATLANTIC SECURITY COMPANY, to employ unqualified, untrained and uncertified "*law enforcement*" personnel such as the Defendant, ROGER COLEMAN, to serve as court security officers.  By its aforesaid conduct, the Defendant, LOWNDES COUNTY, MISSISSIPPI, permitted, encouraged, tolerated, and knowingly acquiesced in an official pattern, practice, or custom wherein court security officers, including the above named individual Defendant, ROGER COLEMAN, were enabled to and did in fact violate the Constitutional rights of persons, including the Plaintiff.  Section V, Paragraph 21 of the Complaint;

i) LOWNDES COUNTY, MISSISSIPPI knew or should have known that all of the above referenced policies (or lack thereof), practices, and customs had the effect of creating an undisciplined, under-supervised, and under-trained court security force, including the individual Defendant, who was "unleashed" on the public, including the Decedent.  Therefore, LOWNDES COUNTY, MISSISSIPPI had actual and/or constructive notice that the aforementioned practices of its

surrogate, the Defendant. NORTH ATLANTIC SECURITY COMPANY, including the individual Defendant, were foreseeable, dangerous and capable of causing serious bodily harm or injury to the public, including the Plaintiff. Therefore, the actions or lack thereof on the part of LOWNDES COUNTY, MISSISSIPPI evidenced its deliberate indifference and reckless disregard for the health, safety, and welfare of the public, including the Plaintiff. Section V, Paragraph 23 of the Complaint; and

j) That, in fact, the Defendant, ROGER COLEMAN, was permitted to act and did act, although untrained and uncertified, as a law enforcement officer for and on behalf of the Defendant, LOWNDES COUNTY, MISSISSIPPI.

ARGUMENT & LAW:

The Defendant's Motion for Judgment on the Pleadings/Motion to Dismiss relies on *Cuvillier v. Taylor* , 503 F.3d 397 (5th Cir., 2010) as the benchmark against which to measure whether the Complaint is legally sufficient. The fact set out in the Complaint must be accepted as true, and must include sufficient allegations to establish a right to relief. *Cuvillier, supra* at 401.

Before addressing the arguments set out in the Defendant's Memorandum, two points need to be raised. First, the Lowndes County Sheriff, not the Lowndes County Board of Supervisors, is solely empowered to employ a security firm to provide security for the County's courthouses. In fact, the Sheriff has a duty to provide security for the County's courthouses. *MCA* Section 19-25-69 (1972), *MSAGO* 2002-740. Therefore, the Defendant, LOWNDES COUNTY, MISSISSIPPI, unlawfully hired the Defendant, NORTH ATLANTIC SECURITY COMPANY, to provide security at the Lowndes County Justice Court. Second, Coleman should have been a certified law enforcement officer. *MCA* Section 45-6-3 (1972), *MSAGO* 1982-1230. He wore a gun, and provided courthouse security for the Lowndes County Justice Court, thereby subjecting him to the certification requirements of *MCA* Section 45-6-11 (1972). *Lewis v. Hinds County Circuit Court*, 158 So.3d 1117, 1124 (2015). Coleman was a defacto law enforcement officer who was unlawfully constituted to perform duties for and on behalf of the Defendant, LOWNDES COUNTY, MISSISSIPPI because he was an uncertified, untrained law enforcement officer.

The Defendant contends that it lawfully abdicated the duty of the Lowndes County Sheriff to provide courthouse security to the Defendant, NORTH ATLANTIC SECURITY COMPANY, and therefore it is insulated from liability because

NORTH ATLANTIC SECURITY COMPANY is an independent contractor. In support of its position it cites *Hodges v. Attala Co*., 42 So.3d 624 (Miss. COA, 2010). *Hodges* was decided on summary judgment grounds. There were factual considerations to be made in that case. The Court stated that liability for the actions of the independent contractor could befall the general contractor depending on the terms of the contract. *Hodges, supra* at 627. Another distinction from *Hodges* as opposed to the case sub judice is that the Defendant unlawfully entered into a contract with the Defendant, NORTH ATLANTIC SECURITY COMPANY. Additionally, the Defendant, COLEMAN, unlawfully served as a law enforcement officer. All of these unlawful actions were acquiesced in by the Defendant.

The Defendant cites *Valle v. City of Houston*, 613 F.3d. 536 (5th Cir., 2010) for the proposition that it is not liable under 42 U.S.C. Section 1983 under a theory of respondeat superior. The Defendant's reliance on that case is misplaced. It is true in a vacuum that respondeat superior is not the basis for liability for the Defendant.

*Gallagher v. Neil Young Freedom Concert*, 49 F.3d. 1442 (10th Cir., 1995), cited by the Defendant is yet another summary judgment case. In *Gallagher* the

defendant leased a facility from a state university and hired a private security company. Unlike the case sub judice, the Court was clear in its findings that the complained of searches were not performed under color of law but instead by private persons. In order to violate the Constitution, the searches would have to been conducted by the government or its agents. *Gallagher, supra* at 1446. Coleman did act under color of law and was a de facto albeit illegal law enforcement officer.

The decision in Gallagher is rational and totally distinguishable from the case before the Court. In this case unlike the cases that the Defendant relies on, Coleman and North Atlantic Security Company directly serve the government, not a private concern. And, in this case unlike the Defendant's authorities, Coleman and North Atlantic Security Company stand in the shoes of the government, discharging a statutorily mandated function, securing the Lowndes County Justice Courthouse. *MCA* Section 19-25-69 (1972). That courthouse is not a private facility. The Defendant's observations of a lack of nexus between the Defendant and the actions of Coleman are unsupportable. Again, all of the authorities cited by the Defendant are inapposite. Unlike all of those cases, Coleman was not serving as security for a private enterprise. He was providing law enforcement at a

governmental facility, a county courthouse. He served as the alter ego of the Lowndes County Sheriff.

The Defendant argues that the Complaint lacks a sufficient official capacity claim as required by *Valle, supra.* At 544. Again, *Valles* was a summary judgment case. This is a Motion to Dismiss/Judgment on the Pleadings motion. Also, the theory of liability in *Valles* was inadequate training of the officers in the use of CIT tactics. *Id*. at 544. However, the bigger issue and the foundation for liability or the lack thereof in that case was the lack of nexus between the injury and the final policymaker's decision for the city. *Valle* at 544. In other words, the plaintiffs could not prove that the injury was caused by a decision of an ultimate policy decision maker of the city. That is not the circumstance with the case before the Court.

As the Fourth Circuit pointed out in ***Lugar v. Edmondson Oil Co., Inc***., 639 F.2d 1058, (Cir. 1981), there are three patterns for Section 1983 actions: 1) Official act cases, 2) attribution cases (private action which is attributable to the state), and 3) "state action is first found to exist. In this pattern the conduct of a private actor defendant is alleged to have combined with the acts of state officials at the

enforcement or operational level to cause deprivation of a secured right." *Id*.at 1064.

It appears that the case before the Court is an attribution case due to the fact that "private actors alone are alleged to have engaged, at what could be called the operational or enforcement level, in conduct that deprived of a secured right. At this level, no state official is involved…..state action is found to exist it is because the private action at the level where deprivation actually occurs is "attributable to the state" by virtue of decisions taken, or policy established, or legislation enacted at higher levels. "Attribution" of this kind of private action to the state may be tested under any of several theories: practical compulsion by the state, e. g., Adickes, 398 U.S. at 170-71, 90 S.Ct. 639 F.2d 1064 at 1615-1616". ***Lugar, supra*** at 1063. The Lugar Court further explained that there were a number of ways to determine the applicability of the attribution test, and among those ways was to consider whether:

delegation or abdication to the private actor of an exclusive sovereign function, e. g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) (no state action; function not exclusively sovereign); Flagg Brothers, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (same). This pattern also does not force separate consideration of the two predicates of state action and action under

color. The reason is plain. Addressing the attribution issue first as is appropriate in effect converts this pattern conceptually into an official-act case once the threshold question is resolved. If state action is found by attribution, the private actor has been found in effect a de facto agent of the state, and the under color of question has been merged in the state action inquiry just as it is in official-act cases. See, e. g., Adickes, 398 U.S. at 170-71, 90 S.Ct. at 1615-1616 (private action attributed to state because of practical compulsion; action under color of state law assumed without discussion).

*Lugar, supra* at 1064.

Similarly, in *Rosborough v. Management & Training Corp*., 350 F.3d 459 (5th Cir., 2003), the Fifth Circuit found that a private prison was amenable to suit under 42 U.S.C. Section 1983 because it was ' "performing a public function traditionally reserved to the state.'" *Id*. at 460-461.  The Court found that there was a sufficient nexus between the State and the action of the private actor so that the action amounted to the State's action.  Liability exists because the private party is performing a government function.  *Rosborough, supra* at 461.

The Complaint sufficiently describes facts and circumstances to survive the Defendant's Motion.

                Respectfully submitted,

                MOSE LEE SUDDUTH, JR.,
                       PLAINTIFF

By  /s/_____
JEFFERY M. NAVARRO,
ATTORNEY FOR THE PLAINTIFF
P.O. BOX 162
AMORY, MS 38821
662-256-3706 OP
662-315-7797 CP
MBN: 3755
jeffnavarro53@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of May, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

   /s/ Jeffery M. Navarro
Jeffery M. Navarro