IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MOSE LEE SUDDUTH, JR.                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 1:18-CV-51-SA-DAS

LOWNDES COUNTY, MISSISSIPPI,
ROGER COLEMAN, and
NORTH ATLANTIC SECURITY COMPANY                                         DEFENDANTS

ORDER AND MEMORANDUM OPINION

Mose Lee Sudduth, Jr. filed his Complaint [1] on March 19, 2018 asserting various claims

against Lowndes County, Mississippi, and the security company that the County contracts with to

provide security at its Justice Court building, North Atlantic Security. Sudduth also asserts various

claims against Roger Coleman, one of North Atlantic's security guards. Now before the Court are

two motions filed by Lowndes County requesting dismissal or summary judgment in its favor on

Sudduth's state law claims [8], and his federal claims [11] respectively. Briefing is complete and

these issues are ripe for review.

*Factual and Procedural Background*

Lowndes County contracts with a private company, North Atlantic Security, to provide

security at its Justice Court building. On May 24, 2018 Sudduth entered the Lowndes County

Justice Court building wearing shorts, a t-shirt, flip flops, and a baseball hat. The entrance to the

building consists of two sets of double glass doors that open into a hallway. In the hallway just

inside the double doors is a small security guard office. A metal detector stands on the opposite

side of the hallway with an unobstructed pathway between the metal detector and the security

office door. Further down the hall is a glass bank-teller style window that opens into the Justice

Court Clerk's office.

Sudduth entered the building carrying a single piece of paper in one hand. As he entered the building, the security guard on duty, Roger Coleman, stepped out of the office and directed Sudduth to pass through the metal detector. Sudduth waved him off saying "I'm an attorney." Sudduth proceeded to the Clerk's office window and passed his paper beneath the glass, asking the Clerk to file it for him. Coleman followed Sudduth to the Clerk's window and insisted that he pass through the metal detector. Sudduth refused, but did surrender a pocketknife that he was carrying in the pocket of his shorts. The two men continued to argue, even after the Clerk confirmed that Sudduth was indeed an attorney. Sudduth continued to refuse to pass through the metal detector, or to leave the building and demanded that Coleman return his knife. Coleman told Sudduth to leave, but Sudduth refused. Coleman told Sudduth, "I'm asking you one more time to leave," and Sudduth again refused. Coleman tackled Sudduth to the floor and dragged him by one arm through both sets of double doors, deposited him on the sidewalk in front of the building, and locked the doors.

In his Complaint [1], Sudduth alleges seven separate constitutional violations, and further alleges numerous failures by the County to properly train and supervise its security personnel, namely Coleman. Sudduth argues that the County illegally abdicated its responsibility for maintaining security at its Courthouses, and that these failures by the County are representative of a larger custom and policy implemented by the County that directly caused the violation of Sudduth's constitutional rights.

Finally, Sudduth alleges the following state law claims against the County: assault, battery, wrongful arrest, false imprisonment, outrageous conduct, negligence, gross negligence, and/or recklessness.

As to Sudduth's federal claims, the County argues that Sudduth has asserted a claim based on a constitutional duty that does not exist, and that the County cannot be held liable for Coleman's actions in this context under the theory of *respondeat superior*. The County requests judgment in its favor on all of Sudduth's federal claims.

As to Sudduth's state law claims, the County argues that it is immune under the terms of the Mississippi Tort Claims Act. MISS. CODE ANN. § 11-46-5, 7. The County also requests judgment in its favor on all of Sudduth's state law claims.

*Standard of Review*[1]

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

---

[1] The County alternatively styled its Motions as motions to dismiss, motions for judgment on the pleadings, and motions for summary judgment. Because both Parties either submitted or rely on matters outside the pleadings, affidavits and a series of videos, to support their factual assertions and legal arguments, the Court will consider these matters and construe the County's Motions as requests for summary judgment as required by Federal Rule of Civil Procedure 12(d). Based on the styling of the motions and the arguments in the briefing the Parties are on notice of the Court's consideration of these motions as requests for summary judgment and have had ample opportunity to present all materials pertinent to the motions. *See* FED. R. CIV. P. 12(d).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). Mere "conclusory allegations, speculation, [or] unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Pree v. Washington Cty. Bd. of Supervisors*, No. 4:16-CV-122-SA, 2018 WL 522776, at *6 (N.D. Miss. Jan. 23, 2018) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1429 (5th Cir. 1996)). Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F. 3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F. 3d 274, 275 (5th Cir. 2009)).

*Federal Claims*

In his Complaint [1], Sudduth asserts his federal claims under 42 United States Code Sections 1981, 1983, 1985, 1986, and 1988.[2] As noted above, Sudduth asserts seven separate constitutional violations:

> a) To be free from unreasonable searches and seizures; b) To be free from deprivation of life and liberty without due process of law; c) To be free from summary punishment; d) To be free from the use of excessive force; e) To be free from the denial of equal protection of the law; f) To fail to protect the Decedent [sic] from the abridgment of his Constitutional rights; and g) To be free from arbitrary and punitive governmental action.

Sudduth seeks to hold the County liable for Coleman's violation of his constitutional rights. Sudduth argues that the County illegally abdicated its responsibility for maintaining security at its

---

[2] The Plaintiff also asserts jurisdiction on the basis of diversity pursuant to 28 United States Code Section 1332.

4

Courthouses, and that these failures by the County are representative of a larger custom and policy implemented by the County that directly caused the violation of Sudduth's constitutional rights.

Although not cited or referenced by either Party, Sudduth's constitutional claims against the County clearly fall under *Monell v. Dep't of Soc. Servs. of City of New York*. 436 U.S. 658, 660, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Under *Monell*, "recovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986). A limitation on this liability is that "a municipality cannot be made liable by application of the doctrine of *respondeat superior*." *Id.* at 478, 106 S. Ct. 1292 (citing *Monell*, 436 U.S., at 691, 98 S. Ct., at 2036). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Jones v. City of Houston*, No. 18-20223, 2018 WL 6131132, at *4 (5th Cir. 2018) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)).

Rather than discussing the framework set out in *Monell*, the County instead focuses its briefing around the argument that Sudduth asserts his federal claims on the basis of a constitutional duty that does not exist: namely that the County has a constitutional duty to properly train and supervise court security officers. The Court finds this argument wholly inapplicable to the *Monell* framework outlined above, specifically because it fails to address the elements of Sudduth's claims.[3]

---

[3] The County advances a second argument: that the actions of individual defendant Coleman are not attributable to the County. In order to show that there is state action, Sudduth must show that either: 1) The alleged violations represent an official City policy or custom, *see Monell,* 436 U.S. at 691, 98 S. Ct. 2018, or 2) the County's conduct in enacting and enforcing, or failing to, is "fairly attributable" to the City. *See Lugar v. Edmondson Oil,* 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); *see also Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312–13 (5th Cir. 2011) (describing attribution test). The Court finds this argument premature as this is a factually intensive legal inquiry and neither party has had the benefit of discovery, and because the instant motions, although considered as motions

After a careful review of the record, the Court finds that the Parties' failure to cite to even the most fundamental relevant authorities stems in large part from the confusing legal allegations and assertions of claims in the Sudduth's Complaint. This is particularly confusing because the issues in this case are primarily legal in nature; Sudduth's factual allegations are mostly, if not completely, undisputed. Although Sudduth clearly enumerates the facts giving rise to his claims generally, he advances a list of seven constitutional violations with no link between the alleged violations and the facts, and no indication of which alleged violations and related facts, he relies upon for his federal claims against the County. *See Michael v. Boutwell*, No. 3:14-CV-00116-DMB, 2015 WL 728516, at *6 (N.D. Miss. Feb. 19, 2015) (describing problems with complaints that fail to adequately link factual allegations to claims, and appropriate procedural solutions); *see also Clinton v. Johnson*, No. 3:13-CV-871-DCB, 2014 WL 575295, at *2–3 (S.D. Miss. Feb. 11, 2014) (same).

In short, Sudduth fails to adequately link his factual allegations to his claims. *See id*. This failure creates a situation where although Sudduth's Complaint conforms to the liberal notice pleading requirements of Federal Rule of Civil Procedure 8, it fails to adequately link Sudduth's causes of actions to their attendant factual predicates, running afoul of Federal Rule of Civil Procedure 12(e). *See Burkhart v. Tecnocap, LLC*, 2012 WL 32923, *2 (N.D. W. Va. 2012) (citing Wright & Miller, 5B FED. PRAC. & PROC. CIV. § 1356) (pleading that satisfies more liberal pleading standards to survive Rule 12(b)(6) motion still may be properly challenged as vague under Rule 12(e)); *see also Michael*, 2015 WL 728516, at *6 (quoting *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1275 (11th Cir. 2006) (District courts have a "supervisory obligation

for summary judgment, were filed very early in the case as responsive pleadings under Rule 12(b). *See* Order [26] staying discovery in this case pending the outcome of the instant Motions, Order [32] denying requests for discovery due to pending stay.

6

to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.")).

The Court finds that the Complaint does not contain enough information about Sudduth's federal claims to allow a responsive pleading to be framed, nor to allow the Court to rule on the present Motions. In such cases, the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiff to amend. *Michael*, 2015 WL 728516, at *6; *Clinton*, 2014 WL 575295, at *2–3. For these reasons, the County's Motion for summary judgment on the Plaintiff's federal claims is denied as moot. The Plaintiff has fourteen days from the entry of this order to file an amended complaint to state more specifically (for each claim he alleges): (1) the nature of the claim, (2) the elements of the claim, and (3) the factual basis for each of the elements of the claim. *See Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 163 (5th Cir. 1999) (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

*State Law Claims*

The County also requests summary judgment in its favor on Sudduth's state law claims. The County argues that judgment in its favor is appropriate because it is immune from liability for Coleman's actions under various provisions of the Mississippi Tort Claims Act, and because Coleman was an employee of an independent subcontractor, and not a County employee. Miss. Code Ann. §§ 11-46-5, 7.

The Mississippi Tort Claims Act is the exclusive remedy for state law tort claims against a governmental entity. Miss. Code Ann. §§ 11-46-7(1). Relevant here, the Act waives immunity for the torts of government employees while acting within the course and scope of their employment. Miss. Code Ann. §§ 11-46-5(1). The Act specifically defines the following conduct as falling

outside the course and scope of employment: "fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." MISS. CODE ANN. §§ 11-46-5(2).

In his Complaint, Sudduth alleges the following:

### D. STATE LAW CLAIMS:

31. Plaintiff gave notice of claims under State law for the his [sic] injuries to the Defendants pursuant to MCA Section 11-46-11 by letter dated 19 May, 2017.

32. The acts and omissions set forth previously herein, which are incorporated herein and are re-alleged by reference, and constitute assault, battery, wrongful arrest, false imprisonment, outrageous conduct, negligence, gross negligence, and/or recklessness under the laws of the State of Mississippi as to all of the Defendants herein.

To the extent that Sudduth alleged intentional tort claims against the County, for example assault and battery, clearly those claims are not actionable because they fall outside the course and scope of employment, as immunity is not waived under the Act for criminal offenses. *See* MISS. CODE ANN. §§ 11-46-5(2).

As to Sudduth's other state law claims, as alleged they clearly fall within the definition of shotgun pleadings. "Shotgun pleadings, which are prohibited by the Federal Rules, are characterized as complaints containing several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Michael*, 2015 WL 728516, at *6 (citing *Sahlein v. Red Oak Capital, Inc.,* No. 3:13–cv–67, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014) (internal quotation marks and citations omitted)). This is precisely the situation that exists here. Sudduth alleges a list of claims, incorporating all of the previous factual and legal allegations of the complaint without drawing any link between the facts and the claims. "Shotgun complaints are problematic because they force a 'trial court to sift out the irrelevancies, a task that

can be quite onerous.'" *Id.* (internal punctuation omitted). In addition, as discussed above relative to Sudduth's federal claims, the state law allegations in Sudduth's complaint fail to link Sudduth's claims to their factual predicates. *See Michael*, 2015 WL 728516, at *6; *Clinton*, 2014 WL 575295, at *2–3. This is particularly problematic given that the defenses and arguments asserted by the County, while legal in nature: whether Coleman was acting as a County employee, and whether he was acting in the course and scope of his employment, are fact intensive inquires.[4]

For all of these reasons, the Court finds that the Complaint does not contain enough information about Sudduth's state law claims to allow a responsive pleading to be framed, nor to allow the Court to rule on the present Motions. In such cases, the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiff to amend. *Michael*, 2015 WL 728516, at *6; *Clinton*, 2014 WL 575295, at *2–3. The County's Motion for summary judgment on the Plaintiff's state law claims is denied as moot. The Plaintiff has fourteen days from the entry of this order to file an amended complaint to state more specifically (for each claim he alleges): (1) the nature of the claim, (2) the elements of the claim, and (3) the factual basis for each of the elements of the claim. *See Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 163 (5th Cir. 1999) (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

*Conclusion*

For all of the reasons fully explained above the Court, on its own motion, ORDERS the Plaintiff to file a more definite state by March 14, 2019 pursuant to Federal Rule of Civil Procedure

---

[4] In addition, because the instant motions were filed very early in the case as responsive pleadings, neither party has had the benefit of discovery. For example, the contract between the County and North Atlantic Security is not yet a part of the record. This leads the Court to conclude that the instant requests for summary adjudication are premature. *See* Order [26] staying discovery in this case pending the outcome of the instant Motions, Order [32] denying requests for discovery due to pending stay.

12(e). Failure to file an amended pleading as directed may result in the Court striking the Plaintiff's Complaint [1] or dismissing the case. *See* FED. R. CIV. P. 12(e). Defendant Lowndes County, Mississippi's Motions to Dismiss [8, 9] are DENIED *without prejudice* as MOOT.

It is SO ORDERED, on this the 28th day of February, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE