## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

### ABERDEEN DIVISION

**MOSE LEE SUDDUTH, JR.**                                      **PLAINTIFF**

**vs.**                                        **CAUSE NO.:1:18-CV-51-SA-DAS**

**LOWNDES COUNTY, MISSISSIPPI,**

**ROGER COLEMAN, AND NORTH ATLANTIC**

**SECURITY COMPANY**                                  **DEFENDANTS**

### AMENDED COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW the Plaintiff, MOSE LEE SUDDUTH, JR., (hereinafter the "Plaintiff"), and files this, his Amended Complaint, and for cause, would respectfully represent and show unto the Court as follows:

### I. INTRODUCTION:

1.  This cause of action arises from the wrongful arrest and assault & battery perpetrated against the Plaintiff by the Defendant, ROGER COLEMAN, (hereinafter "the Defendant Coleman"), an employee of the Defendant, NORTH ATLANTIC SECURITY COMPANY, (hereinafter "the Defendant North Atlantic

Security Company"). The Defendant North Atlantic Security Company was contracted by the Defendant, Lowndes County, Mississippi, (hereinafter "the Defendant Lowndes County") to provide security at the Lowndes County, Mississippi Justice Court and other locations. Attached hereto as Exhibit "A" and incorporated herein by reference is a copy of the Contract between Lowndes County and the Defendant, North Atlantic Security Company, dated 21 August, 2009. The Plaintiff is a Mississippi licensed attorney. On 13 April, 2017, the Plaintiff entered the Lowndes County, Mississippi Justice Court to conduct some legal business. On that date, Defendant Coleman, unlawfully and while acting under color of law as a security officer at the Lowndes County, Mississippi Justice Court wrongfully arrested the Plaintiff. In the course of the Plaintiff's unlawful arrest, Defendant Coleman assaulted and battered, by means of the use of excessive force, the Plaintiff causing him injury.

2. In addition to the maintenance of this action as set forth hereinafter, the Plaintiff brings this action pursuant to *MCA* Section 11-46-1, *et. seq.,* as notice was provided to the Defendant, Lowndes County, Mississippi on or about 19 May, 2017.

## II. THE PARTIES:

3.  The Plaintiff, MOSE LEE SUDDUTH, JR., is an adult resident citizen of Vernon, Lamar County, Alabama.

4.  The Defendant, LOWNDES COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi which can be served with the process of this Court by service on the Chancery Clerk, Lisa Younger Neese, at 515 Second Avenue North, Columbus, Mississippi 39701.

5.  The Defendant, NORTH ATLANTIC SECURITY COMPANY, is an Indiana Corporation, with its principal place of business located at 4072 Highway 45 North, Columbus, Mississippi 39705, whose Registered Agent for Service of Process is Jim Bell, 2309 Bluecutt Rd., Suite C, Columbus, Mississippi 39705.

6.  The Defendant, ROGER COLEMAN, is an adult resident citizen of Columbus, Lowndes County, Mississippi, and can be served with the process of this Court at his place of employment at NORTH ATLANTIC SECURITY COMPANY located at 4072 Highway 45 North, Columbus, Mississippi 39705.

III.  <u>JURISDICTION & VENUE</u>:

7. This action is brought pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, and 1988. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343 (a)(1),(3), and (4). Additionally, inasmuch as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, this action is further brought pursuant to 28 U.S.C. Sections 1332. Additionally, the Court has pendent jurisdiction of the Plaintiff's state law claim.

8. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (a) and (b) inasmuch as the defendants and the cause of action arose in this division of the Northern District of Mississippi.

## IV. <u>SALIENT FACTS</u>:

9. On 13 April, 2017, the Plaintiff, a sixty-five (65) years old licensed Mississippi lawyer who has practiced law in Columbus, Mississippi for approximately forty (40) years, entered the Lowndes County, Mississippi Justice Court to conduct legal business. Attorneys, officers of the Court, are not required to pass through metal detectors when entering state courts in Lowndes County, Mississippi. After entering the Lowndes County, Mississippi Justice Court building, the Plaintiff proceeded to the Justice Court Clerk's window to conduct his legal business by filing papers with said clerk. The Plaintiff was confronted by Defendant ROGER COLEMAN, an armed security officer employed by Defendant NORTH

ATLANTIC SECURITY COMPANY, and ordered to leave the Justice Court Clerk's window and to go through the metal detector. The Plaintiff explained to Defendant ROGER COLEMAN that he, the Plaintiff, as an attorney, was not required to pass through the metal detector. Defendant ROGER COLEMAN ignored the Plaintiff's explanation, and again ordered the Plaintiff to go through the metal detector. The Plaintiff asked a clerk to explain to Defendant ROGER COLEMAN that the Plaintiff was an attorney and was not required to pass through the metal detector. The clerk explained that proposition to Defendant ROGER COLEMAN. However, Defendant ROGER COLEMAN ignored the clerk's explanation. Then, Defendant ROGER COLEMAN ordered the Plaintiff to leave the building and told the Plaintiff that he could not file his papers with the Court until the following Monday. The Plaintiff refused to leave the Lowndes County, Mississippi Justice Court and he attempted to file his court papers with the Court clerk. Defendant ROGER COLEMAN then grabbed the Plaintiff and threw him to the ground. Then, Defendant ROGER COLEMAN dragged the Plaintiff out of the building by his arm. The Defendant, ROGER COLEMAN, exerted excessive force when he unlawfully extracted the Plaintiff from the Lowndes County, Mississippi Justice Court.

10. As a result of the assault and battery occasioned on the Plaintiff by Defendant ROGER COLEMAN, the Plaintiff suffered severe personal injury which required surgery. Additionally, the Plaintiff's Rolex watch was damaged.

11. The Defendant, LOWNDES COUNTY, MISSISSIPPI employed the Defendant, NORTH ATLANTIC SECURITY COMPANY, to provide security at various facilities owned or operated by Lowndes County, Mississippi. Defendant, LOWNDES COUNTY, MISSISSIPPI did not require that Defendant NORTH ATLANTIC SECURITY COMPANY provide trained or certified law enforcement officers to serve as security officers. The Defendant, NORTH ATLANTIC SECURITY COMPANY, employed the Defendant, ROGER COLEMAN, as an armed security officer at the Lowndes County, Mississippi Justice Court.

12. In fact, the Defendant, ROGER COLEMAN, was not a certified, trained law enforcement officer when he arrested and assaulted and battered the Plaintiff. Moreover, the Defendant, ROGER COLEMAN, was not educated by the Defendants, LOWNDES COUNTY, MISSISSIPPI and NORTH ATLANTIC SECURITY COMPANY, as to the local custom, practice and policy of exempting attorneys from the requirement that they must pass through metal detectors at the Lowndes County, Mississippi courts.

13. The Defendant, NORTH ATLANTIC SECURITY COMPANY, and the Defendant, ROGER COLEMAN, by virtue of serving as the security force and security officer respectively for the Lowndes County, Mississippi Justice Court acted under color of state law.

14. The Defendant, LOWNDES COUNTY, MISSISSIPPI vacated its role of providing a law enforcement presence in the Lowndes County, Mississippi Justice Court and employed the Defendant, NORTH ATLANTIC SECURITY COMPANY, "to stand in its shoes" and discharge the responsibilities and duties of the Defendant, LOWNDES COUNTY, MISSISSIPPI.

15. The Defendant, LOWNDES COUNTY, MISSISSIPPI, abdicated its function of providing security at the Lowndes County, Mississippi Justice Court, without requiring that its replacement, the Defendant, NORTH ATLANTIC SECURITY COMPANY, adhere to lawful practices and local customs, practices, and policies. Among those local customs, practices, and policies which the Defendant, LOWNDES COUNTY, MISSISSIPPI, failed to either educate or in the alternative require that the Defendant, NORTH ATLANTIC SECURITY COMPANY, adhere to, was the practice, custom and policy of exempting attorneys from the requirement that they pass through the metal detector at the Lowndes County, Mississippi Justice Court.

16.  Instead of discharging its function of providing competent court security at the Lowndes County, Mississippi Justice Court, the Defendant, LOWNDES COUNTY, MISSISSIPPI, replaced qualified, certified law enforcement officers with unqualified employees of the Defendant, NORTH ATLANTIC SECURITY COMPANY, who were not certified law enforcement officers.  The Defendant, LOWNDES COUNTY, MISSISSIPPI, did not oversee or supervise the implementation of the practices of the Defendant, NORTH ATLANTIC SECURITY COMPANY, in providing security for the Lowndes County, Mississippi Justice Court.  In turn, the Defendant, NORTH ATLANTIC SECURITY COMPANY, employed and then *empowered* the Defendant, ROGER COLEMAN, without providing him supervision, adequate training and education, to unlawfully arrest, assault and battery of and use excessive force upon the Plaintiff.

17.  Under clearly settled Mississippi law, the Lowndes County Sheriff is charged with the duty of protecting the Lowndes County Justice Courthouse.  Miss.Code Ann. Section 19-25-69 (Rev. 2012).  That duty to protect the Lowndes County Justice Courthouse must be exercised only by a certified law enforcement officer as set forth in Miss. Code Ann. Section 45-6-3 (Rev. 2007).  The Defendant ROGER COLEMAN unlawfully served as a "law enforcement officer" at the

Lowndes County Justice Courthouse. Miss. Code Ann. Section 45-6-11(3) (Rev. 2013). He was not lawfully authorized to bear arms and make arrests.

18. The aforesaid 31 August, 2009 contract between the Defendant, Lowndes County, and the Defendant, NORTH ATLANIC SECURITY COMPANY, required that the Defendant, NORTH ATLANIC SECURITY COMPANY, provide armed security officers at the Lowndes County Justice Courthouse. There is no requirement in the aforesaid contract that the referenced armed security officers be certified law enforcement officers as set forth in Miss. Code Ann. Section 45-6-3 (Rev. 2007). The contract requirement that security officers bear arms without being certified law enforcement officers violates Miss. Code Ann. Section 45-6-11(3) (Rev. 2013).

19. Inasmuch as the Defendant, ROGER COLEMAN, operated under color of state law as a court security officer for Lowndes County, Mississippi, his actions in unlawfully arresting, assaulting and battering of and use of excessive force upon the Plaintiff served to violate the Plaintiff's Constitutional rights.

## V. <u>CAUSES OF ACTION</u>:

20. The allegations of the previous paragraphs of this Complaint are hereby re-alleged and incorporated herein as if copied herein.

## A.  CONSTITUTIONAL CAUSES OF ACTION AGAINST THE  DEFENDANT ROGER COLEMAN:

21.  The Defendant, ROGER COLEMAN, while acting under color of law and a state actor, deprived the Plaintiff of clearly established Constitutional rights guaranteed to him under the United States Constitution giving rise to claims pursuant to 42 U.S.C. Section 1983.  Specifically, the Defendant violated the rights of the Plaintiff under the Fourth Amendment and the Fourteenth Amendment.

22.   Contrary to the Plaintiff's rights under the Fourth Amendment to be free from unreasonable searches and seizures, and contrary to the Plaintiff's due process rights under the Fourteenth Amendment, the Defendant applied excessive force to the Plaintiff and deprived him of his liberty when he seized him and extricated him from the Lowndes County Justice Courthouse, where the Plaintiff was trying to conduct his business.  The Plaintiff, who was not committing any criminal offense, was lawfully entitled to be present at the Lowndes County Justice Courthouse; the Defendant, an uncertified, unlawfully constituted law enforcement officer who was without lawful authority to apply any force to the Plaintiff, unreasonably applied excessive force to the Plaintiff without any cause or justification; in fact, there was no need to apply any force whatsoever to the Plaintiff.  The Plaintiff suffered

serious bodily injury and damage to his personal property. Objectively, the Defendant's actions were unreasonable under these circumstances. The Defendant's action did not serve any legitimate governmental purpose. The Plaintiff, as an attorney, was lawfully entitled to be within the Lowndes County Justice Courthouse. The Plaintiff posed no threat whatsoever to anyone, and there were no exigent circumstances requiring a split second decision by the Defendant. Assuming arguendo that the Plaintiff did pose a threat, the Defendant should have called real law enforcement and let legally constituted and trained law enforcement officers properly take charge of the Plaintiff. Instead, the Defendant tackled the Plaintiff, a sixty-five (65) years old man, and dragged him by his arm outside of the building, dumping him on the sidewalk, all of which resulted in serious bodily injury to the Plaintiff, and deprived him of his liberty. The Plaintiff offered no physical resistance to the assault

### B.  CONSTITUTIONAL CAUSES OF ACTION AGAINST LOWNDES COUNTY, MISSISSIPPI:

23.  Under Mississippi law, the Lowndes County Justice Courthouse must be protected by legally constituted law enforcement who are certified and trained. The Defendant, LOWNDES COUNTY, MISSISSIPPI, delegated this responsibility to the Defendant, NORTH ATLANTIC SECURITY COMPANY. The Defendant, LOWNDES COUNTY, MISSISSIPPI, did not require that the

Defendant, NORTH ATLANTIC SECURITY COMPANY, supply certified, trained, legally constituted law enforcement officers to discharge this statutory duty. And, in fact, the Defendant, NORTH ATLANTIC SECURITY COMPANY, supplied uncertified, untrained, and not legally constituted law enforcement officers to serve as court security officers for the Lowndes County Justice Courthouse, contrary to clearly established state law.

24. The Defendant, LOWNDES COUNTY, MISSISSIPPI, by entering into the contract with the Defendant, NORTH ATLANTIC SECURITY COMPANY, to provide a law enforcement presence at the Lowndes County Justice Courthouse, has adopted an official policy of ignoring the need to provide trained, certified law enforcement officers to discharge law enforcement duties, thereby exposing the Plaintiff and the general public to heightened occurrences of seizures and assaults by means of the use of excessive force, and deprivation of liberty. The creation of the aforesaid official policy by the Defendant, LOWNDES COUNTY, MISSISSIPPI, was the moving force and, in fact, the direct cause of the assault and seizure, and deprivation of liberty of the Plaintiff and his resulting injuries.

25. The Defendant, LOWNDES COUNTY, MISSISSIPPI, adopted an unlawful official policy when it delegated its police function of providing courthouse protection for the Lowndes County Justice Courthouse to untrained, uncertified non-law enforcement personnel.

26.  The official policy of the Defendant, LOWNDES COUNTY, MISSISSIPPI, to not insure that court security officers were certified law enforcement officers trained in respect to effecting arrests, seizures, and the use of excessive force, amounted to a deliberate indifference to the rights of persons, including the Plaintiff, with whom the untrained persons came into contact.  This policy directly caused the Plaintiff to be injured, and was the moving force for same.

27.  By adopting an official policy of having untrained, uncertified personnel serve as law enforcement officers armed with guns, contrary to established state law, it was reasonably foreseeable that the Defendant would violate the Constitutional rights of citizens by the use of excessive force, unlawful seizure, and deprivation of liberty.  The Defendant, LOWNDES COUNTY, MISSISSIPPI, knew or should have known that is above referenced policy would result in Constitutional deprivations of the rights of citizens.  Therefore, the actions or lack thereof on the part of LOWNDES COUNTY, MISSISSIPPI evidenced its deliberate indifference and reckless disregard for the health, safety, and welfare of the public, including the Plaintiff.

28.    The above referenced official policy of LOWNDES COUNTY,

MISSISSIPPI was the proximate cause of the violations of the Plaintiff's

Constitutional rights which led to his injuries.  LOWNDES COUNTY,

MISSISSIPPI was callously indifferent and reckless with regard to preventing

these abridgments of the Plaintiff's Constitutional rights, and the resulting harm to

the Plaintiff was reasonably foreseeable to it, and was the proximate cause of the

injuries to the Plaintiff.

## C.  CONSTITUTIONAL CAUSES OF ACTION AGAINST  NORTH ATLANTIC SECURITY COMPANY:

29.  The Defendant, NORTH ATLANTIC SECURITY COMPANY, by virtue of

entering into a contract with the Defendant, LOWNDES COUNTY, MISSISSIPPI,

to provide security at the Lowndes County Justice Court and thereby discharge the

lawful duties incumbent upon the Defendant, LOWNDES COUNTY,

MISSISSIPPI, became a state actor and acted under color of state law.

30.  The Defendant NORTH ATLANTIC SECURITY COMPANY was at all

times relevant herein the employer of the Defendant, ROGER COLEMAN, and as

such, was the primary policy maker for and supervisor of the court security officers

employed by it, including the previously named individual Defendant, ROGER COLEMAN.

31. The Defendant NORTH ATLANTIC SECURITY COMPANY designed, implemented, and enforced the policies, practices, and procedures for its court security officers. The Defendant, NORTH ATLANTIC SECURITY COMPANY, although providing armed security officers, did not employ certified, trained, lawfully constituted law enforcement officers as court security officers.

32. The Defendant NORTH ATLANTIC SECURITY COMPANY permitted and/or created an atmosphere wherein the previously complained of actions or lack thereof on the part of its court security officers, including those of the Defendant, ROGER COLEMAN, which resulted in that Defendant being empowered to violate the Constitutional rights of the Plaintiff. This conduct on the part of the Defendant, NORTH ATLANTIC SECURITY COMPANY, included, but was not limited to, the failure to supervise, discipline, and the use of excessive force.

33. The lack of supervision and control by the Defendant, NORTH ATLANTIC SECURITY COMPANY, including the previously named individual Defendant, was so pervasive, that the Defendant, NORTH ATLANTIC SECURITY COMPANY, was deliberately indifferent to the violation of the Constitutional rights of the public, including those of the Plaintiff. It was the widespread and

deliberate deprivation of Constitutional rights that led to the injuries to the Plaintiff.

34.  The violation of Constitutional rights of the Plaintiff by the Defendant, ROGER COLEMAN, an employee of the Defendant, NORTH ATLANTIC SECURITY COMPANY, which led to the injuries to the Plaintiff were proximately caused by the practices, customs and policies of the Defendant, NORTH ATLANTIC SECURITY COMPANY, and same was reasonably foreseeable to it to lead to harm and injury to the public, and ultimately, to the Plaintiff.

35.  Therefore, the Defendant, NORTH ATLANTIC SECURITY COMPANY, proximately caused the violation of the Plaintiff's Constitutional rights culminating in his injuries.

### D.  STATE LAW CLAIMS:

#### 1.  *As to the Defendant, LOWNDES COUNTY, MISSISSIPPI:*

36.  Plaintiff gave notice of claims under State law to the Defendants for his injuries pursuant to **MCA** Section 11-46-11 by letter dated 19 May, 2017.

37.  The acts and omissions set forth previously herein, which are incorporated herein and are re-alleged by reference, and constitute assault, battery, wrongful arrest, false imprisonment, outrageous conduct, negligence, gross negligence, and/or recklessness under the laws of the State of Mississippi as to all of the Defendants herein.

38.  The Lowndes County Sheriff had a statutorily required duty to protect the Lowndes County Justice Courthouse.  *MCA* Section 19-5-69 (Rev. 2012).  That duty to protect could only be exercised by certified law enforcement officer, as the protection of the courthouse is solely a law enforcement function.  *MCA* Section 45-6-3 (Rev. 2007).  Nonetheless, in contravention of clearly defined Mississippi law, the Defendant, LOWNDES COUNTY, MISSISSIPPI, entered into a contract with the Defendant, NORTH ATLANTIC SECURITY COMPANY, to provide the aforesaid courthouse protection through uncertified, untrained, armed security officers, even though such security officers are not authorized to bear arms or make arrests.  *MCA* Section 45-6-11(3) (Rev. 2013).  There is no requirement in the aforesaid contract that the referenced armed security officers be certified law enforcement officers

39.  The Defendant, LOWNDES COUNTY, MISSISSIPPI, was grossly negligent and reckless when it delegated the protection of the Lowndes County Justice Courthouse to uncertified, untrained security officers in contravention of clearly

established Mississippi law. It was reasonably foreseeable that security officers untrained in making arrests, seizures, and the use of excessive force would eventually cause harm to the public. The Defendant, LOWNDES COUNTY, MISSISSIPPI, was deliberately indifferent to the safety concerns of the public when it elected to turnover the required governmental function of protecting the Lowndes County Justice Courthouse to the Defendant, NORTH ATLANTIC SECURITY COMPANY. These acts and omissions by the Defendant, LOWNDES COUNTY, MISSISSIPPI, proximately caused the injuries to the Plaintiff.

40. The Defendant, ROGER COLEMAN, as a court security officer, served as a de facto deputy sheriff and an alter ego of the Lowndes County Sheriff, created by the aforesaid contract between the Defendants, LOWNDES COUNTY, MISSISSIPPI, and NORTH ATLANTIC SECURITY COMPANY. In addition to liability under *MCA* Section 11-46-5 (Rev. 1992), the Defendant, LOWNDES COUNTY, MISSISSIPPI, is liable under *MCA* Section 19-15-19 (Rev. 1988).

2. *As to the Defendants, NORTH ATLANTIC SECURITY COMPANY and ROGER COLEMAN:*

41. The acts and omissions set forth previously herein, which are incorporated herein and are re-alleged by reference, and constitute assault, battery, wrongful arrest, false imprisonment, outrageous conduct, negligence, gross negligence, and/or recklessness under the laws of the State of Mississippi as to all of the Defendants herein.

42. The Defendant, ROGER COLEMAN, an employee of the Defendant, NORTH ATLANTIC SECURITY COMPANY, during the course and furtherance of his employment, did on or about 13 April, 2017, by harmful and offensive contact did assault and batter, thereby causing serious bodily injury to the Plaintiff .

43. The Defendant, ROGER COLEMAN, an employee of the Defendant, NORTH ATLANTIC SECURITY COMPANY, during the course and furtherance of his employment, did on or about 13 April, 2017, unlawfully arrest and imprison the Plaintiff  when he assaulted and battered the Plaintiff and physically took custody of the Plaintiff and removed him from the Lowndes County Justice Courthouse and in so doing interfered with the Plaintiff's legal business thereby causing the Plaintiff harm and injury.

44. The Defendant, ROGER COLEMAN, an employee of the Defendant, NORTH ATLANTIC SECURITY COMPANY, during the course and furtherance of his employment, did on or about 13 April, 2017, by his conduct with and treatment of

the Plaintiff, was guilty of outrageous conduct and the intentional infliction of emotional distress. The Plaintiff, a sixty-five (65) years old practicing attorney, who had practiced law in Lowndes County, Mississippi for approximately forty (40) years, was unlawfully physically attacked and removed by the Defendant, ROGER COLEMAN, from the Lowndes County Justice Courthouse, thereby preventing him from conducting his legal business.

45. The Defendant, NORTH ATLANTIC SECURITY COMPANY, employed the Defendant, ROGER COLEMAN, as a court security officer at the Lowndes County Justice Courthouse. The Defendant, NORTH ATLANTIC SECURITY COMPANY, having contracted with the Defendant, LOWNDES COUNTY, MISSISSIPPI, to provide protection at the Lowndes County Justice Courthouse requiring armed security guards, knew or should have known, same being reasonable foreseeable, that the Defendant, ROGER COLEMAN, would encounter instances when dealing with the public that would require and/or enable him to act in a law enforcement event. The Defendant, NORTH ATLANTIC SECURITY COMPANY, knowing or possessing reason that it should have known, was grossly negligent, reckless, and indifferent to the safety and well-being of the public, including the Plaintiff, by not employing trained, certified law enforcement officers to serve as court security officers at the Lowndes County Justice Courthouse. This gross negligence, recklessness and indifference by the

Defendant, NORTH ATLANTIC SECURITY COMPANY, proximately caused the circumstances wherein the Defendant, ROGER COLEMAN, assaulted and battered, falsely arrested and imprisoned the Plaintiff, all of which outrageous conduct resulted in the intentional infliction of emotional distress upon the Plaintiff.

## VI.  DAMAGES:

46.  As a direct and proximate result of the aforementioned actions and omissions of the Defendants, the Plaintiff's Constitutional rights were violated.  Additionally, the Defendants committed State law torts against the Plaintiff as set forth above. These actions and omissions resulted in Plaintiff's personal injuries and property damage.  The Defendants are jointly and severally liable for any and all actual damages, and because of the outrageous conduct of the Defendants, punitive damages which the Plaintiff may be entitled to under the premises for all State law claims and Constitutional claims arising from injuries to the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays for the following relief:

a)  That this, his Amended Complaint, be received and filed;

b) That the process of this Court issue as to the Defendants herein, compelling them to answer and otherwise defend this Complaint;

c) That this matter be tried by a jury;

d) That the Plaintiff be granted a judgment and recover actual damages and punitive damages of and from the Defendants, jointly and severally, in such amount or amounts to be determined by a jury;

e) That the Plaintiff be awarded attorneys' fees and costs of and from the Defendants, jointly and severally; and

f) For such other, further relief, both general and specific, as the Plaintiff may be entitled to under the premises.

Respectfully submitted,

MOSE LEE SUDDUTH, JR.,
PLAINTIFF

By_____/S/_____
JEFFERY M. NAVARRO,
ATTORNEY FOR THE PLAINTIFF
P.O. BOX 162
AMORY, MS 38821
662-256-3706 OP
662-315-7797 CP
MBN: 3755
jeffnavarro53@att.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_____/s/ Jeffery M. Navarro_
Jeffery M. Navarro